**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

AMY DIPIETRO, As Next Friend
of PETER DIPIETRO,

        Petitioner,

    v.

KARL J. SENULA, etc.,

        Respondent.

**Hon. Noel L. Hillman**

Civil No. 12-0189 (NLH)

**O P I N I O N**

---

**APPEARANCES:**

    AMY DIPIETRO, As Next Friend of PETER DIPIETRO
    495 South Bluebell Road
    Vineland, NJ  08360

**HILLMAN**, District Judge:

Amy DiPietro filed a Petition for Writ of Habeas Corpus on behalf of her husband, Peter DiPietro, who was incarcerated at Gloucester County Jail in Woodbury, New Jersey, for non-payment of child support.[1]  This Court will dismisses the Petition.

## I.   BACKGROUND

Amy DiPietro filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on behalf of her husband, Peter DiPietro, against Karl J. Senula, Warden of Gloucester County Jail.  Amy DiPietro asserts that on January 6, 2012, government officials arrested her husband at his home and incarcerated him

---

[1] Peter DiPietro was released as of January 12, 2011.  See DiPietro v. Gloucester County Sheriff's Dept., Civ. No. 11-5878 (NLH) suppl. pleading at 7 [Dkt. 19] (D.N.J. Jan. 13, 2012).

at Gloucester County Jail pursuant to a warrant based on non-payment of child support. Amy DiPietro states that she "can swear to and ha[s] intimate knowledge that [Peter] has no employment, no income and no means of paying his child support." [Dkt. 1 at 2.] She seeks a writ of habeas corpus "to free Peter DiPietro from wrongful restraint" because the state "judge in his case has shown heightened disregard for the presumption of his innocence and has failed to provide due process" and "Pete was not granted a hearing within the first 72 hours of his arrest and . . . Pete is indigent and therefore unable to pay his child support which means he cannot be incarcerated for 'Willful Non-Payment of Support.'" [Id. at 1.]

## II. DISCUSSION

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered lies under 28 U.S.C. § 2241(c)(3). See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table).  "It is well established, however, that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."  Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).  "Where standing is lacking, the federal courts lack the power to grant habeas relief." Zettlemoyer v. Horn, 53 F.3d 24, 26 (3d Cir. 1995).  This is because Article III of the United States Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. Const. art. III, § 2.

A litigant must set forth facts in the complaint or petition which demonstrate standing under Art. III.  See Whitmore, 495 U.S. at 155.  To establish standing under Art. III, a person must allege facts showing that he or she has suffered an "injury in fact," which is concrete as opposed to abstract, and actual or imminent as opposed to conjectural or hypothetical.  Id. "Further, the litigant must satisfy the causation and redressability prongs of the Art. III minima by showing that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision."  Id. (citations and internal quotation marks omitted).

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation.  The reasons are two.  First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not.  See Ashwander v. TVA, 297 U.S. 288, 345-348, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (offering the standing requirement as one means by which courts avoid unnecessary constitutional adjudications).  Second, third parties themselves usually will be the best proponents of their own rights.

Singleton v. Wulff, 428 U.S. 106, 113-14 (1976).

Amy DiPietro filed this Petition seeking the release of her husband.  She does not have standing in her own right to file a

petition for a writ of habeas corpus on behalf of her husband because "a close personal relationship is neither necessary nor sufficient for third party standing." Amato v. Wilentz, 952 F.2d 742, 751 (3d Cir. 1991).[2] Moreover, "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Whitmore, 495 U.S. at 160 (quoting Allen v. Wright, 468 U.S. 737, 754 (1984)).

In 1948, Congress amended the habeas corpus statutes to allow a "next friend" or person "acting in behalf" of a prisoner to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See 28 U.S.C. § 2242; 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 8.3 (4th ed. 2001). Section 2242 provides in relevant part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

28 U.S.C. § 2242.

---

[2] See also, e.g., Diamond v. Charles, 476 U.S. 54, 67 (1986) (father lacks standing to challenge abortion law on behalf of his daughter where he has not alleged "either that his daughter is currently a minor or that she is otherwise incapable of asserting her own rights"); Gilmore v. Utah, 429 U.S. 1012 (1976) (mother of convicted murderer does not have standing to seek stay of his execution); Gardner ex rel. Gardner v. Parson, 874 F.2d 131, 143 (3d Cir. 1989) (grandmother of developmentally disabled teenager lacks standing to assert claims against government officials for failing to properly review granddaughter's foster care placement and to adequately investigate allegations that granddaughter was abused while in foster care).

"A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  Whitmore, 495 U.S. at 163.  But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  Id. at 163.  "[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability."  Whitmore, 495 U.S. at 165.[3]  The burden is on the "next friend" to "establish the propriety of his status and thereby justify the jurisdiction of the court."  Id. at 164.  The litigant must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  Id. at 155-156.  Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to

---

[3] It has also been suggested that the "next friend" must be "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate" and that she "must have some significant relationship with the real party in interest." Whitmore, 495 U.S. at 163-164.

6

consider the petition." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (cited with approval in Whitmore, 495 U.S. at 163); See also Demosthenes v. Baal, 495 U.S. 731 (1990).

Here, the Petition filed by Amy DiPietro does not show that she has standing to proceed as next friend of her husband. Nothing contained in the Petition demonstrates that Peter DiPietro "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore, 495 U.S. at 165.[4] Because the face of the Petition shows that this Court lacks jurisdiction to entertain the application of Amy DiPietro as next friend of Peter DiPietro, this Court will dismiss the Petition for lack of jurisdiction. Id.; Demosthenes, 495 U.S. at 734.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of jurisdiction.

/s/ Noel L. Hillman
**NOEL L. HILLMAN, U.S.D.J.**

Dated: January 17, 2012

At Camden, New Jersey

---

[4] On the contrary, as we have noted, he has brought proceedings on his own behalf in this Court. See DiPietro v. Gloucester County Sheriff's Dept., Civ. No. 11-5878 (NLH).

7